Dear Ms. Anthony:
This office is in receipt of the resolution of the Board of Veterinary Medicine requesting an opinion of the Attorney General in regard to activities of Doctors of Veterinary Medicine at the Audubon Park Zoo and Aquarium. The minutes reflect a resolution for an Attorney General's ruling to the questions of what activities, if any, an unlicensed graduate DVM can perform at the Zoo or Aquarium, and whether or not the zoo and the aquarium are govern mental bodies for the purposes of employment.
R.S. 37:1513(4) defines the practice of veterinary medicine as follows:
 (a) to diagnose, treat, correct, change, relieve, or prevent animal disease, deformity, defect, injury, or other physical or mental conditions; including the prescription or administration of any drug, medicine, biologic apparatus, application, anesthetic, or other therapeutic or diagnostic substance or technique, and the use of any manual or mechanical procedure for testing for pregnancy, or for correcting sterility, or infertility, or to render advice or recommendation with regard to any of the above;
 (b) to represent, directly or indirectly, public or privately an ability and willingness to do any act described in Paragraph (a);
 (c) to use any title, words, abbreviation or letters in a manner or under circumstances which induce the belief that the person using them is qualified to do any act described in Paragraph (a), except where such person is a Veterinarian.
In accordance with R.S. 37:1514 no person shall practice veterinary medicine in this state who is not a "licensed veterinarian or holder of a valid temporary permit issued by the Board"; and R.S. 37:1513(6) provides that "licensed veterinarian" means "a person who is validly and currently licensed to practice veterinary medicine in the State". R.S. 37:1514 which prohibits a person from the practice of veterinary medicine who is not licensed, further provides this shall not be construed to prohibit "an employee of the federal, state or local government performing his official duties".
Audubon Park and the Aquarium of the Americas are owned by the City of New Orleans. In City of New Orleans v. State,443 So.2d 562 (La. 1983) the Supreme Court was faced with a contest between the City of New Orleans and the State over control of Audubon Park and gave an extensive history of the Park. Based upon this history, it was concluded the City, and not the State, owned the property as well as the improvements. Since the City owned Audubon Park, it was held Act 485 of 1983 which created a new Audubon Park Commission as a political subdivision of the State of Louisiana was unconstitutional as taking of City property without just compensation.
While the Park and Aquarium are owned by the City, it is controlled and managed by the Audubon Park Commission. Under its authority to enter into contracts for the operation, care and management of the park and aquarium, the Commission has entered into a contract with the nonprofit private corporation, the Audubon Institute, for this purpose.
Although there is the provision of R.S. 37:1514 that a person who is not licensed in the State cannot practice veterinary medicine, we feel that the veterinarians at the Audubon Park Zoological Gardens fall within the exception of R.S. 37:1514 for employees "of the federal, state or local government performing his official duties", and permits employment of an unlicensed veterinarian to perform the duties that may be included in those restricted to licensed veterinarians if not employed by a governmental entity.
The Institute was formed for the purpose of operating and maintaining the Zoo and thus primarily performs a public purpose and is under government control. Therefore, under this exemption, in answer to your question of what activities an unlicensed veterinarian can perform at the Zoo or Aquarium, we find they may perform such activities as directed by the Audubon Institute, which may include those that would fall within the definition of the practice of veterinary medicine as set forth in R.S.37:1513(4).
We hope this sufficiently answers the questions set forth in the resolution for an opinion of the Attorney General, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR